UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:17-cr-00165-TWP-MJD-04 |
| ANGELICA NAOMI GUZMAN-CORDOBA | ) ) ) |
| Defendant. | ) |

**ENTRY ON DEFENDANT CORDOBA'S MOTION TO SEVER**

This matter is before the Court on Defendant Angelica Naomi Guzman-Cordoba's ("Cordoba") Motion to Sever (Filing No. 336.) Cordoba seeks a severance from the other defendants in this case because she objects to her trial being continued and intends to assert a defense that she acted under duress or coercion from the actions of her co-defendants and she is afraid to testify in their presence. For the following reasons, Cordoba's Motion to Sever is **denied**.

## I. PROCEDURAL BACKGROUND

On July 18, 2017, a Complaint was filed which alleged that Cordoba and three co-defendants conspired to distribute and possess with intent to distribute controlled substances. (Filing No. 2). The Complaint outlined a large scale drug trafficking organization in which law enforcement officers made controlled purchases of drugs from Cordoba and the other defendants and seized cash, firearms and controlled. On August 15, 2017, a federal grand jury returned an eleven-count Indictment charging Cordoba and four others with various controlled substance offenses. Cordoba was changed with Count One, conspiracy to distribute controlled substances, and Count Seven, distribution of methamphetamine. (Filing No. 56.) The Indictment alleged that Cordoba conspired with her co-defendants -- Ricardo Ochoa-Beltran ("Ochoa-Beltran"), Miguel

Lora-Leon, and Cesar Salgado ("Salgado") -- to possess with intent to distribute and to distribute controlled substances, including heroin (1 kilogram or more), cocaine (5 kilograms or more), and methamphetamine (500 grams or more) (*Id.*). The Indictment alleges that Cordoba acted as a distributor for the drug trafficking organization and on various dates throughout the conspiracy, possessed large amounts of drugs, firearms, and U.S. Currency. (*Id.* at 3-4, 8.)

On January 3, 2018, an 11-count Superseding Indictment was filed, adding new charges as well as three new defendants. (Filing No. 129.) Lissa Garcia ("Garcia") was added to Count Seven, in which Cordoba, Garcia, and Salgado are charged with aiding and abetting one another in the distribution of methamphetamine. (*Id.* at 8.) A Second Superseding Indictment filed on July 17, 2018, charges eleven counts surrounding the drug and money laundering conspiracy that spanned more than a year and involves over 43 separate overt acts by numerous individuals in Indiana and elsewhere. (Filing No. 237.) The Second Superseding Indictment added defendant Joel Alvarado-Santiago; however, the charges against Cordoba remained the same. Some of the defendants in this case have pled guilty and have been sentenced (Filing No. 114, Filing No. 334), and Salgado has indicated his intent to plead guilty (Filing No. 285). Cordoba and her five remaining co-defendants await trial.

The trial was scheduled to begin on December 3, 2018. On October 13, 2018, Defendant Ochoa-Beltran filed a Motion to Continue Final Pretrial Conference and Jury Trial (Filing No. 325), and the Government filed a Motion to Declare Case Complex and to Join Defendant Ochoa-Beltran's Motion to Continue Final Pretrial Conference and Jury Trial (Filing No. 326). On October 12, 2018, Cordoba filed an Objection to Continuance of Trial and Pre-Trial Dates (Filing No. 322). None of the other defendants in this case objected to a continuance. On October 17, 2018, the Court declared the instant case complex, and over the objection of Cordoba, granted the

motions to continue the December 3, 2018 trial and re-scheduled the trial for April 15, 2019. ([Filing No. 327](#).) The Court issued findings of fact and conclusions of law regarding its ruling. In its Order, the Court noted the complexity of the case, including the voluminous discovery, the number of defendants, and the nature and extent of the charged offenses. (*Id.*) On October 26, 2018, Cordoba filed the instant motion to sever her trial from the trial of her co-defendants. ([Filing No. 336](#).) The Government filed a Response in opposition on November 8, 2018 ([Filing No. 345](#)). Cordoba did not file a reply.

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 8(b) ("Rule 8(b)") provides for the joinder of defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." The district court should grant severance to properly joined defendants "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). The United States Supreme Court has instructed federal courts to interpret the requirements of Rule 8(b) liberally in favor of joinder. *Id.* at 537. Rule 8(b) is designed to promote judicial economy and efficiency and to avoid a multiplicity of trials, but only so long as these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial. *Id.* at 540. Thus, "[t]here is a strong preference that coconspirators be jointly tried, particularly where, as here, they were indicted together." *United States v. Spagnola*, 632 F.3d 981, 987 (7th Cir. 2011); *see also United States v. Goodwin*, 496 F.3d 636, 644 (7th Cir. 2007) ("It is well settled that co-conspirators who are charged together should be tried together").

Federal Rule of Criminal Procedure 14 ("Rule 14") allows the district court to sever a defendant's trial if joinder appears to prejudice the defendant, and the defendant bears the heavy burden of making "'a strong showing of factually specific and compelling prejudice' that will 'mislead or confuse the jury.'" *United States v. Dixon*, 2015 U.S. Dist. LEXIS 65126, at *2 (S.D. Ind. May 19, 2015) (quoting *United States v. Moore*, 917 F.2d 215, 221 (6th Cir. 1990)); *United States v. Davis*, 177 F.3d 552, 558 (6th Cir. 1999) ("defendant seeking severance at trial from co-defendants bears a strong burden and must demonstrate substantial, undue, or compelling prejudice").

The district court should grant severance to properly joined defendants "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro* at 539. To make this showing, "the defendant must demonstrate the jury's inability to distinguish the evidence relevant to each defendant." *Moore*, 917 F.2d at 221.

A defendant is not entitled to severance "merely because [she] may have a better chance of acquittal in [a] separate trial[]." *Zafiro* at 540. "'Even a showing that two defendants have mutually antagonistic defenses, that is, that the jury's acceptance of one defense precludes any possibility of acquittal for the other defendant, is not sufficient grounds to require a severance unless the defendant also shows prejudice to some specific trial right.'" *United States v. McClurge*, 311 F.3d 866, 871 (7th Cir. 2002) (quoting *United States v. Mietus*, 237 F.3d 866, 873 (7th Cir. 2001)); *see also United States v. Plato*, 629 F.3d 646, 650 (7th Cir. 2010) (explaining that *Zafiro*, 506 U.S. at 538, expressly held that severance is not required when codefendants present mutually antagonistic defenses); *United States v. Carrillo*, 435 F.3d 767, 778 (7th Cir. 2006) (the mere presentation of mutually antagonistic defenses does not require severance). Moreover, even

4

"finger-pointing" and "blame-shifting among codefendants, without more, does not mandate severance." *Plato*, 629 F.3d at 650-51. Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion. In such cases, "'less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice.'" *Id*.

If the defendant is "able to show some potential jury confusion, such confusion must be balanced against society's interest in speedy and efficient trials." *Murr v. United States*, 200 F.3d 895, 904 (6th Cir. 2000). The defendant's burden is to demonstrate 'severe prejudice' resulting from the district court's refusal to sever. *United States v. Donovan*, 24 F.3d 908, 915 (7th Cir. 1994).

### III. DISCUSSION

Cordoba does not contend that she is improperly joined in this case with her co-defendants under Rule 8(b). Nor does she dispute that she is alleged to have participated in the same acts or transactions, or in the same series of acts or transactions, constituting the offenses charged. Rather, Cordoba asserts two reasons why the Court should sever her trial from the other defendants in this matter, which the Court will address in turn.

Cordoba's first reason for severance, her objection to the continuance and her desire to go to trial as previously scheduled on December 3, 2018, is not a sufficient basis for severance. In granting the Government's and co-defendants' request for a continuance, the Court considered the facts and circumstances set forth in the parties' motions and found that a brief continuance was necessary. ([Filing No. 327](#).) This case was declared complex and the Court determined the risk of prejudice arising from a reasonable delay was outweighed by the economics of a single trial in

which all facets of the crime, as to all indicted co-defendants, can be explored once and for all. 18 U.S.C. § 3161(h)(6); *United States v. Alviar,* 573 F.3d 526, 539 (7th Cir. 2009). *Id* at 3-4.

The Court acknowledges that Cordoba has already been detained for nearly 16 months; however, Cordoba has joined in the prior motions for continuance and the delays have been reasonable based on the facts of this case. The Court determined that the ends of justice served by granting the continuance outweighed the best interests of the public and Cordoba in a speedy trial. ([Filing No. 327 at 2-4](#).) The Court weighed the factors that it should consider in determining whether a defendant's Sixth Amendment right has been violated: 1) the amount of time available for preparation; 2) the likelihood of prejudice from denial of the continuance; 3) the defendant's role in shortening the effective preparation time; 4) the degree of complexity of the case; 5) the availability of discovery from the prosecution; 6) the likelihood a continuance would have satisfied the movant's needs; and 7) the inconvenience and burden to the district court and its pending case load. *U.S.A. v. Miller*, 327 F.3rd 598, 601 (7th Cir. 2003). "None of the factors is itself necessary or sufficient to conclude that the Sixth Amendment speedy trial right has been violated." *Id*. The relevant *Miller* factors led to the conclusion that a joint trial in April 2019 – a mere four-month delay – would not violate Cordoba's Sixth Amendment right to a speedy trial. Cordoba's motion offers nothing to alter this ruling.

Second, without analysis and with only minimal explanation, Cordoba request a solo trial because she intends to testify that she acted under coercion or duress and she is fearful to testify in front of her co-defendants. She provides no details regarding her duress claim, stating only that severance is required if she is to "receive a fair trial and be allowed to testify freely." ([Filing No. 336](#).) To present a defense of duress Cordoba must show: (1) she reasonably feared immediate death or serious bodily harm unless she committed the offense; and (2) there was no reasonable

opportunity to refuse to commit the offense and avoid the threatened injury." *United States v. Sawyer*, 558 F.3d 705, 711 (7th Cir. 2009) (citing *United States v. Jocic*, 207 F.3d 889, 892 (7th Cir. 2000)).

As discussed earlier, Cordoba is charged in only two counts of the Second Superseding Indictment, Count One: Conspiracy to Distribute Controlled Substances, and Count Seven: Distribution of Methamphetamine. Regarding Count One, the drug conspiracy, Cordoba provides only vague allegations of coercion or duress and offers nothing regarding the potential defenses of her co-defendants. The Government contends that her failure to establish an irreconcilable conflict between co-defendants is fatal to her motion. They contend that a finding that Cordoba was coerced by unknown persons to traffic drugs does not necessarily preclude a jury from acquitting co-defendants Ochoa-Beltran and Miguel Lara-Leon (the only others set for trial on this charge). By way of example, the Government notes that Ochoa-Beltran and/or Lara-Leon could assert defenses such as insufficient evidence to show their participation in the conspiracy. Cordoba has presented nothing to show that this type of defense, or any other defenses, may be hostile to her duress defense.

The Court finds that a jury could both believe that Cordoba was forced to participate in the conspiracy and that insufficient evidence exists regarding her co-defendants, or that her co-defendants were either misidentified or otherwise were not involved in the conspiracy. *See United States v. Murzyn*, 631 F.2d 525, 535 (7th Cir. 1980) (in prosecution for interstate transport and sale of stolen automobiles, district court did not abuse its discretion in denying defendant's motion to sever his trial from that of co-defendant, where defendant's defense was mistaken identity and co-defendant's defense was entrapment and coercion and jury could believe the government's case against co-defendant and still believe defendant's defense); *United States v. Swingler*, 758 F.2d

477, 496 (10th Cir. 1985) (defendants' defenses in drug prosecution, namely, as to first defendant, a general disclaimer of involvement in drug conspiracies, and, as to second defendant, that defendant's participation was under duress or coercion by members of a motorcycle gang, were not mutually antagonistic where neither defendant strictly attacked the other, and therefore separate trials of those defendants were not warranted); *United States v. Dhaliwal*, 464 Fed. App'x 498, 2012 WL 805979, at *10 (6th Cir. 2012) (district court did not abuse its discretion in denying drug conspiracy defendant's motion to sever his case from that of his co-defendants, where defendant's position that he was an innocent bystander was not antagonistic to co-defendants' duress defenses because defendant's "claim of innocence was not predicated solely on the guilt of" his co-defendants and defendant was able to cross-examine co-defendant as to any statement inculpating him). Countless scenarios exist in which the acceptance of one co-defendant's defenses does not preclude the acquittal of the other co-defendant.

Only Garcia and Cordoba remain set for trial on Count Seven, which charges a single transaction of the sale of drugs to a confidential source. Again, Cordoba's duress defense must be mutually exclusive with that of Garcia to necessitate severance on this count. The Government argues that even if Cordoba were to make a general assertion that certain of her co-defendants engaged in drug trafficking and a jury accepted that assertion (and acquitted her), the jury would not necessarily need to find Garcia guilty of engaging in the specific drug transaction charged in Count Seven. ([Filing No. 345 at 8](#).) The Court agrees that nothing in Cordoba's motion supports a conclusion that her duress defense would be mutually antagonistic of any defense that might be offered by Garcia.

Even if mutually antagonistic defenses did exist, Cordoba has failed to meet her heavy burden of making a strong showing of factually specific and compelling prejudice that will mislead

or confuse the jury if she is not tried separately. She has presented no argument or legal authority that her fear of testifying in front of her co-defendants violates any rights, including her right to testify on her own behalf. In fact, Cordoba has failed to articulate any specific trial right that would be prejudiced by a joint trial.

Finally, the Court concludes that principles of judicial economy and fairness weigh against severance in this case. The Court must balance the public interest in efficiency and economy which result from a joint trial against the possibility of undue prejudice to the defendant. *See Donovan,* 24 F.3d at 914-15; *United States v. Hanhardt*, 151 F. Supp. 2d 971, 974 (N.D. Ill. 2001). Cordoba has not shown any undue prejudice by proceeding to trial with her co-defendants. If severance were granted it would double the number of trial days necessary to resolve the case and require the same witnesses to testify at both trials, which would be a significant burden on the Court's and the Government's resources. Cordoba's cursory argument for severing her trial from the remaining defendants' trial is unavailing, therefore severance is not warranted.

### IV. <u>CONCLUSION</u>

Cordoba has not made a preliminary showing that she can meet the elements of the duress defense. Nor has she explained how such a defense would irreconcilably conflict with that of a co-defendant. Given Cordoba's failure to demonstrate undue prejudice, the balance of factors weighs in favor of a joint trial. Cordoba's Motion to Sever ([Filing No. 336](#)) is **DENIED**.

**SO ORDERED.**

Date: 11/27/2018

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Belle Choate
choate@iquest.net

M. Kendra Klump
UNITED STATES ATTORNEY'S OFFICE
kendra.klump@usdoj.gov


Michelle Brady
UNITED STATES ATTORNEY'S OFFICE
michelle.brady@usdoj.gov