# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:17-cr-00165-TWP-MJD |
| ) | |
| ANGELICA NAOMI GUZMAN-CORDOBA, ) | -04 |
| JOEL ALVARADO-SANTIAGO ) | |
| ) | -09 |
| Defendants. ) | |

## ENTRY ON GOVERNMENT'S MOTION *IN LIMINE*

This matter is before the Court on the United States' (the "Government") Motion *in Limine* seeking to preclude Defendant Angelica Naomi Guzman-Cordoba ("Guzman-Cordoba") from introducing evidence making arguments relating to a duress defense (Filing No. 479). In her response, Guzman-Cordoba said she does not intend to offer duress as a defense, but she does intend to defend herself against the conspiracy charge by denying that she had knowledge of the agreement or that she voluntarily participated in it. (Filing No. 484.)

Guzman-Cordoba is charged in Count One with Conspiracy to Distribute Controlled Substances in violation of 21 U.S.C. § 846 and in Count Seven with Distribution of Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. (Filing No. 237.) Initially, Guzman-Cordoba intended to present a duress defense. In service of that defense she filed a Motion to Sever which, if granted, would allow her to "receive a fair trial and testify freely." (Filing No. 336.) In response, the Government moved to exclude Guzman-Cordoba from making arguments or introducing evidence relating to a duress claim absent a sufficient evidentiary proffer. (Filing No. 350.) Guzman-Cordoba then moved to withdraw her duress defense and to strike

"references to that defense". (Filing No. 359.) The Court granted her motion to withdraw her defense and denied the Government's motion *in limine* as moot. (Filing No. 362; Filing No. 363.)

The Government summarized the evidence it would seek to admit in its sealed *Santiago* Proffer. (Filing No. 471.) In a sealed response to that Proffer, Guzman-Cordoba anticipated offering evidence that would show that her actions in the alleged conspiracy were not voluntary and did not constitute an agreement between the parties necessary for admission of hearsay statements under Federal Rule of Evidence 801(d)(2)(E).[1] (Filing No. 477.) Although Guzman-Cordoba did not specifically cite duress, she painted a picture of her participation in the alleged drug trafficking organization that sounds like duress. *Id.* at 2. In particular, she alleges that she was taken into custody of members of the conspiracy and, among other things, "was beaten and threatened with death to herself and her family if she did not do exactly as she was told." *Id.* She asserts this evidence will come via her own testimony and the testimony of one of the Government's cooperator witnesses. *Id.*

The Government views Guzman-Cordoba's Response to the *Santiago* Proffer as a reassertion of her duress defense. (Filing No. 479.) Its Motion *in Limine* seeks to prevent Guzman-Cordoba from asserting a duress defense at trial. *Id.*

The Court excludes evidence on a motion *in limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). "Generally, whether or not an affirmative defense is available to a defendant requires the resolution of factual issues, and thus, where a court rules on the availability of a pre-trial motion *in limine*, the trial court must accept as true the evidence proffered by the defendants. *U.S. v. Tokash*, 282 F.3d 962, 967 (7th Cir. 2002) (citing *U.S. v. Santiago-Godinez*,

---

[1] Federal Rule of Evidence 801(d)(2)(E) exempts from the hearsay rules any "statement [ ] offered against an opposing party and…[ ] made by the party's coconspirator during and in furtherance of the conspiracy."

12 F.3d 722, 727 (7th Cir. 1993)). Nevertheless, if the evidence proffered by the defendants is insufficient as a matter of law to support the affirmative defense, the court will preclude presentation of that defense at trial. *Id.* "To entitle a defendant to present an affirmative defense to the jury, his proffer must meet the minimum standard as to each element of the defense, so that if a jury finds it to be true, it would support the defense." *Id.*

The Government argues Guzman-Cordoba has not established a *prima facie* case that she acted under duress. It argues that she has not specified which members of the alleged drug-trafficking organization threatened or pressured her nor has she stated the allegations or defenses that she would admit she committed at the behest of those who were threatening her. ([Filing No. 479 at 6-7](#).) The Government notes that Guzman-Cordoba does not contend that she was under duress when she was stopped by officers who seized $131,421.00 from her in Chicago, Illinois in January 2017. *Id.* at 7. Instead, she contends that she was threatened after returning from that trip to Chicago, in essence admitting that she was a willing conspirator before that. Moreover, Guzman-Cordoba has not explained why she did not report the drug-trafficking organization to law enforcement even though she was left alone and had access to cell phones. *Id.*

Guzman-Cordoba responds that she does not intend to offer a duress defense. ([Filing No. 484](#).) She instead intends to rebut the Government's evidence as to the *mens rea* element of the conspiracy charge and possibly other elements of the charged offenses. She intends to produce evidence as to the facts "as she lived and saw them," and that the Government should not be able to "chill" that production by linking it to an affirmative defense Guzman-Cordoba does not intend to raise. *Id.* Her response to the Government's Motion *in Limine* does not mention the Government's evidence she characterized as hearsay in her response to the *Santiago* Proffer.

The Government's Motion *in Limine* asks the Court to preclude Guzman-Cordoba "from introducing evidence and making arguments relating to a duress defense." ([Filing No. 479 at 1](#).)

The Government argues that Guzman-Cordoba "should not be permitted to present a duress defense unless and until she can proffer facts that satisfy the elements of the affirmative defense." *Id*. at 6. On this basis, the Government's Motion *in Limine* ([Filing No. 479](#)) is **GRANTED**. However, this Entry will not limit Guzman-Cordoba's ability to present evidence and testimony that explains her mental state during the alleged drug trafficking conspiracy. Any dispute as to the admissibility of evidence concerning Guzman-Cordoba's motivation during the time period in question will be resolved at trial.

**SO ORDERED.**

Date: 4/10/2019

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Belle T. Choate
ATTORNEY AT LAW
choate@iquest.net

James A. Edgar
J. EDGAR LAW OFFICES, PC.
jedgarlawyer@gmail.com

Lawrence Darnell Hilton
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
lawrence.hilton@usdoj.gov

M. Kendra Klump
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
kendra.klump@usdoj.gov